J. M. CRENSHAW, ET UX *v.* WESTERN LUNATIC ASYLUM.

Limitation—Statute of—Death and Administration—Claim for Board, Clothing and Funeral Expenses.

>   More than four years had expired after the death of the ancestor before this suit was brought against her heirs; and consequently, the saving provided for in the Statute of Limitations was lost. If suit had been brought within two years after the death of intestate, the Statute of Limitations would not have been available as a bar, except as to so much of the account as was barred by time at the death of intestate.

APPEAL FROM GRAVES CIRCUIT COURT.

January 7, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This suit was commenced on the 22nd of October, 1869, by appellee, against appellants, heirs of Agnes Milican deceased, to subject a tract of land which had belonged to decedent to pay the claim of appellee for board, clothing and funeral expenses furnished to, and expended for decedent. And the only defense relied upon is the Statute of Limitations.

The first item charged on the account filed is dated January 15, 1860 for six months board, and the charges for boarding are continued at the end of each six months to January 15, 1865, and then to the 12th of March of the last named year when Mrs. Milican died.

No administrator was granted on her estate nor does it appear that she left any personal estate.

*Sec. 5; Art. 4, Chap. 63, R. S. pp. 132-3,* provides that if a person against whom any action mentioned in the *3rd Article* of this Chapter may be brought, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative, devisee, or heirs, or all, after the expiration of that time, and within one year after the qualification of his personal representative; and if there is no personal representative, the

action may be brought against his heirs, or devisees, or both, after the expiration of the time limited for bringing the same, and within two years after his death.

More than four years had expired after the death of the ancestor before this suit was brought against her heirs; and consequently, the saving provided for in the statute referred to was lost. If appellee had brought its suit within two years after the death of Mrs. Milican, the Statute of Limitations would not have been available as a bar, except as to so much of the account as was barred by time at the death of intestate, but as the action was not brought until more than four years after her death, as the statute is relied on, it operates as a bar to a recovery of all the account that was of over five years standing when the action was brought.

Appellee is allowed by statute to charge paying patients at the rates of $160 per annum for board, *Myers Supp.,* p. *36,* and at the rates of $200 per annum from 24 February, 1865, *Ib. pp. 36-7.*

As the judgment of the court below was for more than under our construction of the statute, was authorized, the judgment must be *reversed,* and the cause remanded for further proceedings consistent with this opinion.

*Stubblefield, for appellant.*

*Anderson & Johnston, for appellee.*